1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  DAVID TORREZ,

12      Plaintiff,

13      v.

14  COMMISSIONER OF SOCIAL SECURITY,

15      Defendant.

16

17

18

Case No.  1:21-cv-00671-CDB (SS)

ORDER ON STIPULATION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)

(Doc. 32)

ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AS MOOT

(Doc. 31)

19      Pending before the Court is the motion by counsel for Plaintiff David Torrez for attorney's

20  fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 31).

21  Shortly after filing his motion, on April 30, 2025, Plaintiff filed a stipulated request for the award

22  of attorney's fees pursuant to the EAJA in the amount of $12,000.00 to counsel for Plaintiff,

23  Jonathan O. Peña-Mancinas.[1]  (Doc. 32).

24      The parties agree that an award of attorney's fees to counsel for Plaintiff should be made

25  payable to Plaintiff, but if it is determined that Plaintiff assigned his right to EAJA fees to his

26  attorney, does not owe a federal debt under the Treasury Offset Program ("TOP"), and Defendant

27  agrees to waive the requirements of the Anti-Assignment Act (41 U.S.C. § 6305), then the

28

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 11).

1

1  Commissioner shall cause the payment of fees to be made directly to Plaintiff's counsel, Jonathan

2  O. Peña-Mancinas.  (*Id*. at 2).

3      On January 24, 2025, the Court granted Plaintiff's motion for summary judgment and

4  remanded the case to the Commissioner for further proceedings consistent with the order.  (Doc.

5  29).  Judgment was entered the same day.  (Doc. 30).  Plaintiff is a prevailing party entitled to

6  seek fees under EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a

7  party who prevails with a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing

8  party).  Plaintiff's motion filing is timely.  *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

9      The EAJA provides for an award of attorney fees to private litigants who both prevail in

10  civil actions (other than tort) against the United States and timely file a petition for fees.  28

11  U.S.C. § 2412(d)(1)(A).  Under the EAJA, a court shall award attorney fees to the prevailing

12  party unless it finds the government's position was "substantially justified or that special

13  circumstances make such an award unjust."  (*Id*.).  Here, the government did not show its position

14  was substantially justified and the Court finds there are not special circumstances that would

15  make an award unjust.  Moreover, the government does not oppose Plaintiff's stipulated request.

16  *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23,

17  2018) (finding position of the government was not substantially justified in view of the

18  Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL

19  5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

20      In the parties' stipulated request, they agree that Plaintiff should be awarded $12,000.00 in

21  EAJA fees as authorized by 28 U.S.C. § 2412 and $0.00 in costs as authorized by 28 U.S.C. §

22  1920.  (Doc. 32 at 1).  The Ninth Circuit maintains a list of the statutory maximum hourly rates

23  authorized by the EAJA, adjusted for increases in the cost of living, on its website.  *See*

24  *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).  Even assuming Plaintiff's

25  counsel seeks the median of the published maximum rates associated with the years during which

26  they engaged in services in this case (2020 to 2025; *see* Doc. 32-2 at 2-5), which the Court

27  computes as $234.95,[2] the requested award would amount to approximately 51 hours of attorney

28

---

[2] *Statutory Maximum Rates Under the Equal Access to Justice*, available at
https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited May 1, 2025).

1   time (not accounting for any paralegal time expended).  The Court finds this reasonable and

2   commensurate with the number of hours an attorney would need to have spent reviewing the

3   certified administrative record in this case (approximately 1076 pages; Doc. 17) and preparing a

4   motion for summary judgment that includes 11 pages of argument (Doc. 24 at 9-20).

5   Additionally, the amount is less than the billable hours represented by counsel in the declaration

6   of Dolly Trompeter attached to the stipulated request.  (Doc. 32-2).  With respect to the results

7   obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further

8   proceedings.  (Docs. 29, 30).

9        EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset

10   Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If the Commissioner

11   determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset

12   allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

13   **Conclusion and Order**

14        Accordingly, it is HEREBY ORDERED that:

15   1.  Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 32) is

16      GRANTED.

17   2.  The Commissioner is directed to pay to Plaintiff as the prevailing party attorney's fees

18      in the amount of $12,000.00 pursuant to the terms set forth in the parties' stipulation.

19      (Doc. 32).  Fees shall be made payable to Plaintiff, but if the Department of the

20      Treasury determines that Plaintiff does not owe a federal debt, then the government

21      shall cause the payment of fees to be made directly to Plaintiff's counsel, as set forth in

22      the stipulation.

23   3.  In light of the parties' stipulation resolving the issue of counsel for Plaintiff's

24      entitlement to fees, Plaintiff's motion for attorney's fees (Doc. 31) is DENIED as moot.

25   IT IS SO ORDERED.

26     Dated:    **May 1, 2025**    _____

27                 UNITED STATES MAGISTRATE JUDGE

28